**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANTHONY J. BRODZKI,** ) | |
| **Plaintiff,** ) | |
| vs. ) | **No.  3:09-CV-2179-K-BH** |
| ) | |
| **CHICAGO POLICE DEPARTMENT,** ) | |
| **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

This is Plaintiff Anthony J. Brodzki's third action against the Chicago Police Department ("CPD") for alleged harassment in Chicago, Illinois.  *See Brodzki v. Chicago Police Dep't*, No. 1:09-CV-5957 (N.D. Ill. filed Sept. 30, 2009) (dismissed as factually frivolous on Sept. 30, 2009); *Brodzki v. CPD*, No. 3:09-CV-2068-G-AH (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for improper venue on Nov. 5, 2009).  The Court has granted Plaintiff permission to proceed *in forma pauperis* ("IFP") in this action.  No process has been issued in this case.

**II.  VENUE**

Plaintiff currently lives in North Richland Hills, Texas.  His claims arise out of events occurring in Chicago, Illinois, which is in the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. § 93(a)(1).

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for this action.  Venue lies in "(1) a judicial district where any defendant resides, if all defendants reside in the same State" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated" unless neither of those provisions provides a proper place for venue. *See* 28 U.S.C. § 1391(a) and (b).

Based on the complaint, it appears that a substantial part of the events or omissions giving rise to the claims raised in this action occurred in Chicago, where the defendant is located. Consequently, venue does not appear proper in the Northern District of Texas. When a case is filed in the wrong division or district, the courts may dismiss or transfer the action depending on whether the interests of justice favor a transfer. *See* 28 U.S.C. § 1406(a). As pointed out in the recommendation of dismissal in Cause No. 3:09-CV-2068-G, Plaintiff has filed nine cases in Northern District of Illinois and is well aware of the venue provisions and filing requirements.[1] One of the cases (*Brodzki v. Topeka Police Department*, No. 1:09-CV-5956 (N.D. Ill. filed Oct. 21, 2009)) was dismissed for improper venue. The interests of justice therefore do not favor transferring this case to the proper forum, and dismissal is appropriate.

### III. PRELIMINARY SCREENING

Dismissal of this action is also appropriate based on the preliminary screening process for IFP actions under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal, if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d

---

[1] Because one of Plaintiff's other actions filed in this Court was transferred to the Northern District of Illinois, Plaintiff has a tenth case in that court as of November 12, 2009.

1019, 1021 (5th Cir. 1988) (previous lawsuits)). Courts may appropriately dismiss an *in forma pauperis* action as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Because Plaintiff proceeds IFP, and this case appears based upon the same events as his prior actions against CPD, it should be summarily dismissed with prejudice as frivolous or malicious.

## IV. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has filed nine actions in the Northern District of Illinois. Of the five actions filed in this district, four were filed in the wrong venue.[2] The fifth action resulted in a recommendation

---

[2] *See Brodzki v. Topeka Police Department*, No. 3:09-CV-2065-B (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for improper venue); *Brodzki v. Seng*, No. 3:09-CV-2067-D (N.D. Tex. filed Oct. 30, 2009) (transferred for improper venue); *Brodzki v. CPD*, No. 3:09-CV-2068-G-AH (N.D. Tex. filed Oct. 30, 2009) (recommended dismissal for improper venue on Nov. 5, 2009).

3

of dismissal with prejudice pursuant to 28 U.S.C. § 1915(e).[3] Plaintiff also filed one of his Illinois actions in the wrong venue,[4] and his other Illinois cases have resulted in three summary dismissals pursuant to § 1915(e)(2)(B)(i),[5] two outright denials of *in forma pauperis* status,[6] and one dismissal for lack of jurisdiction.[7] Plaintiff has three cases still pending in the Northern District of Illinois. Given the number of improper filings by Plaintiff since August 2009, he should be warned that abuses of the litigation process – such as filing frivolous cases, knowingly filing cases in the wrong venue, and disregarding court orders – may result in sanctions, up to an including monetary sanctions payable to the Court and the prohibition of filing future cases *in forma pauperis* except by leave of court.

## V. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). He should also be warned about potential sanctions if he continues to file frivolous cases.

---

[3] *See Brodzki v. FBI-Dallas*, No. 3:09-CV-2108-B-BH (N.D. Tex. filed Nov. 5, 2009).

[4] *See Brodzki v. Topeka Police Dep't*, No. 1:09-CV-5956 (N.D. Ill. filed Oct. 21, 2009).

[5] *See Brodzki v. Martinez*, No. 1:09-CV-5236 (N.D. Ill. filed Sept. 1, 2009); *Brodzki v. Chicago Police Dep't*, No. 1:09-CV-5957 (N.D. Ill. filed Sept. 30, 2009); *Brodzki v. U.S. Marshal's Serv.*, No. 1:09-CV-5466 (N.D. Ill. filed Sept. 15, 2009).

[6] *See Brodzki v. Sanan*, No. 1:09-CV-5285 (N.D. Ill. filed Aug. 26, 2009); *Brodzki v. U.S. Marshalls Serv.*, No. 1:09-CV-5441 (N.D. Ill. filed Sept. 24, 2009) (also noting that Plaintiff had failed to state a claim upon which relief could be granted under his statement of facts).

[7] *See Brodzki v. FBI*, No. 1:09-CV-5654 (N.D. Ill. Sept. 11, 2009).

**SIGNED this 17th day of November, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5